UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAR-FRESHENER CORP. and JULIUS : 
SAMANN LTD., :
 : REPORT &
                    Plaintiffs, : RECOMMENDATION
 : 10-CV-1391 (ENV)
     -against- :
 :
EXCELLENT DEALS, INC., :
 :
                    Defendant. :
------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

## Introduction

Plaintiffs bring this action under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for trademark counterfeiting and infringement, false designation of origin, and trademark dilution. Plaintiffs allege that defendant distributes and sells counterfeit air fresheners and seek injunctive relief barring defendant from doing so. Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court entered the default of the defendant, and the Honorable Eric N. Vitaliano referred this case to me for a report and recommendation. *See* Docket Entries 7, 11.

## Background

Plaintiffs own four federally registered trademarks for evergreen tree designs ("Tree Design Marks"), used in connection with the manufacture, marketing, and distribution of air fresheners.[1] Compl. ¶¶ 13, 14. In addition, plaintiffs allege that they own trade dress rights in their distinctive air freshener packaging, encompassing the following:

> (a) a yellow background; (b) a red bar – with a white border on the top and bottom – running diagonally from the left edge to the right edge; (c) the number "1" in white with a black outline on the left, with the base of the number "1" superimposed over the top of the red bar; and (d) the Tree Design Mark in the upper right corner, with the bottom of the Tree Design

---

[1] In fact, Julius Samann Ltd. owns the trademarks and licenses them to Car-Freshener Corporation. Compl. ¶¶ 13, 14, 21.

Mark superimposed over the top of the red bar.

*Id*. ¶ 16; *see also id*. ¶¶ 18, 19 (describing variations of the trade dress). Plaintiffs claim that the Tree Design Marks and the trade dress have been extensively promoted and used as a corporate identifier and are "well-known and well received" by the public. *Id*. ¶¶ 13, 22. Moreover, plaintiffs allege that the Marks and trade dress are famous and widely recognized and are associated in the public mind with plaintiffs' products, which enjoy a reputation for quality. *Id*. ¶ 24.

Plaintiffs contend that defendant is distributing and selling "air fresheners in packaging bearing an unauthorized tree design that is identical to, virtually indistinguishable from[,] and/or confusingly similar to plaintiffs' Tree Design Marks ("Defendant's air fresheners")." *Id*. ¶ 26. Plaintiffs learned that a Brooklyn car wash was selling defendant's air fresheners and purchased two examples of the allegedly infringing products at the car wash. *Id*. ¶ 27. On the back of the packaging on the air fresheners from the car wash are stickers with "Excellent-Deals Inc. Brooklyn, NY 11206," identifying defendant as the source of the product. *Id*. ¶ 29. Plaintiffs contend that defendant's air fresheners have the effect of misleading the public into believing that the inferior goods are plaintiffs' products. *Id*. ¶ 34.

## Discussion

I. *Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether a final default judgment is appropriate.

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

Plaintiffs bring four claims under the Lanham Act: 1) trademark infringement, 15 U.S.C. § 1114(1)(a); 2) false designation of origin, *id*. § 1125(a)(1)(A); 3) trademark dilution, *id*. § 1125(c); and 4) trademark counterfeiting, *id*. §§ 1114(1)(a) and 1116(d)(1)(B).[2] As discussed below, plaintiffs have established violations of §§ 1114 and 1125, and are thus entitled to an injunction. Accordingly, it is not necessary to consider the merits of plaintiffs' federal trademark dilution claim. In addition, although plaintiffs allege a claim for trademark counterfeiting pursuant to §§ 1114 and 1116, the law does not recognize a separate cause of action for trademark counterfeiting. *See Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 114 (E.D.N.Y. 2010); *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt.*, 2007 WL 74304, at *11 (E.D.N.Y. Jan. 8, 2007).

To prevail on a claim of trademark infringement, "plaintiffs need only show that they own a valid trademark and that the defendants' use of the trademark is likely to cause confusion regarding the source of the product." *Tanning Research Labs., Inc. v. Worldwide Imp. & Exp. Corp.*, 803 F. Supp. 606, 608-09 (E.D.N.Y. 1992). Plaintiffs own federally registered trademarks

---

[2] In addition, plaintiffs assert common law claims of trademark infringement and unfair competition, as well as a claim for trademark dilution under New York law. Because these claims seek relief for the same injuries which form the basis of plaintiffs' federal claims, I have not considered whether their elements are satisfied by the well-pleaded allegations of the complaint. *See Tanning Research Labs., Inc. v. Worldwide Imp. & Exp. Corp.*, 803 F. Supp. 606, 608 (E.D.N.Y. 1992).

for particular evergreen tree designs and thus have satisfied the first of these two elements. Compl. ¶ 14. I address the likelihood of confusion below.

To prevail on a claim of false designation of origin, plaintiffs must establish that 1) the trade dress is distinctive; 2) there is a likelihood of confusion between the parties' products; and 3) the trade dress is not functional. 15 U.S.C. § 1125(a)(3); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115 (2d Cir. 2001); *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 254 (E.D.N.Y. 2010). "In a claim based on product packaging trade dress, the distinctiveness requirement can be met in one of two ways – either by establishing that the dress is inherently distinctive because it clearly identifies the source of the product, or by establishing that the dress has acquired secondary meaning because, in the mind of the general public, the 'primary significance' of the dress is to identify the source of the product." *Eliya, Inc. v. Kohl's Dep't Stores*, 2006 WL 2645196, at *2 (S.D.N.Y. Sept. 13, 2006) (citing *Wal-Mart Stores*, 529 U.S. at 215); *see also Yurman Design*, 262 F.3d at 115.

In determining whether a particular trade dress is inherently distinctive,

> courts apply the generic, descriptive, fanciful, and arbitrary classifications used for assessing trademarks. However, because manufacturers and retailers have a "virtually unlimited" choice of packaging and labeling materials available to them, most packaging trade dress is arbitrary, fanciful, or suggestive. If the overall dress is arbitrary, fanciful, or suggestive, it is inherently distinctive despite its incorporation of generic or descriptive elements.

*Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175, 193 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). *See also Tecnimed SRL v. Kidz-Med, Inc.*, 763 F. Supp. 2d 395, 405 (S.D.N.Y. 2011) (citing *Paddington Corp. v. Attiki Imps. & Distribs., Inc.*, 996 F.2d 577, 582-83 (2d Cir. 1993)).

4

Plaintiffs' trade dress includes a yellow background with a red diagonal bar, a number "1" and its trademark tree. There is no functional or descriptive purpose served by this particular packaging. Accordingly, I find that plaintiffs' trade dress is arbitrary and distinctive and that it therefore qualifies for protection.

As noted above, an essential element of both a trademark infringement claim and a false designation claim is a demonstration of likelihood of confusion. In assessing the likelihood of confusion,

> the Court must consider the factors established in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961): (1) strength of the plaintiffs' mark; (2) degree of similarity between the two marks; (3) proximity of the products in the marketplace; (4) likelihood that the plaintiff will enter a market related to that in which the defendant sells its product; (5) evidence of actual confusion; (6) defendant's bad faith; (7) quality of the defendant's product; and (8) sophistication of the relevant consumer group.

*Guishan*, 2008 WL 4276579, at *2.

When considered in light of all of the *Polaroid* factors, plaintiffs' allegations, deemed admitted by virtue of defendant's default, establish a serious likelihood of confusion. First, plaintiffs have been using the tree design as a trademark and corporate identifier for more than fifty years. Compl. ¶13. Plaintiffs allege that, as a result of this long and extensive usage, the Tree Design Marks are well known and identify quality products. *Id*. Thus, plaintiffs have established that the Tree Design Marks are strong ones. With respect to plaintiffs' trade dress, plaintiffs' demonstration of inherent distinctiveness suffices to establish the strength of the trade dress. *Fruit-Ices Corp. v. Coolbrands Int'l, Inc.*, 335 F. Supp. 2d 412, 423 (S.D.N.Y. 2004); *Kompan A.S. v. Park Structures, Inc.*, 890 F. Supp. 1167, 1175 (N.D.N.Y. 1995). Moreover, plaintiffs allege that they use their trade dress "extensively" on their air fresheners. *Id*. ¶ 22. Accordingly, the first *Polaroid* factor weighs heavily in plaintiffs' favor.

5

Second, there is a high degree of similarity between the two marks and between plaintiffs' trade dress and defendant's packaging. *Compare* Compl. ¶¶ 14, 16 *with* ¶ 27; *see also* Proposed Judgment and Order ¶¶ 11, 13. First, defendant's evergreen tree is nearly identical to plaintiffs' evergreen Tree Design Marks. In addition, both packages have a small evergreen tree in the upper right corner, a large number "1" on the upper left side, and a yellow background with a red diagonal bar and white lettering. Accordingly, I find there is a high degree of similarity between the plaintiffs' and defendant's marks and between plaintiffs' trade dress and defendant's packaging.

Next, both plaintiffs and defendant use the marks on packaging for air fresheners. Moreover, plaintiffs state that the car wash that sold defendant's infringing air freshener also sells plaintiffs' air fresheners. Lalone Decl. ¶ 15, Docket Entry 9-6. Thus, the third and fourth *Polaroid* factors are met.

Plaintiffs have not presented any evidence concerning the remaining *Polaroid* factors. The court's independent analysis of these factors, however, suggests these latter factors weigh in plaintiffs' favor as well. In light of the degree of similarity, there is likely to be actual confusion between the products. In addition, the similarity suggests intentional copying, and hence bad faith by defendant. Thus, considering all of the *Polaroid* factors, I find that plaintiffs have established a likelihood of confusion between their products and defendant's.

Accordingly, plaintiffs have established defendant's liability for trademark and trade dress infringement under §§ 1114(1)(a) and 1125(a)(1)(A).

II.  *Injunctive Relief*

The Lanham Act provides for injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable to prevent the violation of . . . [the Act.]" 15

U.S.C. § 1116(a). The principles of equity require that a plaintiff seeking a permanent injunction must demonstrate: 1) irreparable injury, 2) absence of an adequate remedy at law, such as monetary damages, 3) a balance of hardships that tips in favor of the plaintiff, and 4) the public interest would not be disserved by an injunction. *See eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Salinger v. Colting*, 607 F.3d 68, 79-81 (2d Cir. 2010).

In trademark cases, irreparable injury is established where there is a likelihood of confusion. *Protection One Alarm Monitoring, Inc. v. Executive Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 206 (E.D.N.Y. 2008); *Guishan, Inc. v. Scooby Scraps, Inc.*, 2008 WL 4276579, at *2 (E.D.N.Y. Sept. 16, 2008). For the reasons discussed above, I find that plaintiffs have established a likelihood of confusion and, therefore, that they have made the requisite showing of irreparable harm.

As in many trademark cases, plaintiffs lack an adequate remedy at law. Plaintiffs stand to lose their accumulated good will and reputation – losses that are not easily remedied by monetary damages. *See Essie Cosmetics, Ltd. v. Dae Do Int'l, Ltd.*, 808 F. Supp. 952, 957 (E.D.N.Y. 1992). Plaintiffs indicate that "[m]illions of dollars" are spent annually advertising their products with the Tree Design Marks and their trade dress. Lalone Decl. ¶ 11. Moreover, proving loss of sales due to infringement is notoriously difficult. *See Paco Rabanne Parfums, S.A. v. Norco Enters.*, 680 F.2d 891, 894 (2d Cir. 1982); *Pretty Girl, Inc. v. Pretty Girl Fashions, Inc.*, _ F. Supp. 2d _, 2011 WL 887993, at *7 (E.D.N.Y. Mar. 14, 2011). Without injunctive relief, defendant would likely persist in its infringement, which would continue to erode the market for plaintiffs' air fresheners and undermine the brand recognition of plaintiffs' marks and trade dress.

The balance of hardships also weighs in favor of injunctive relief. Plaintiffs have been using the Tree Design Marks for over fifty years. Lalone Decl. ¶ 4. As discussed above,

plaintiffs have established they will suffer irreparable harm if no injunction issues. The injunction plaintiffs seek is narrowly tailored to require defendant to cease use of the infringing marks and trade dress only. Thus, the balance of hardships tips in plaintiffs' favor.

Finally, the public has "an interest in not being deceived . . . [and] being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *New York City Triathlon LLC. v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010); *accord Pretty Girl, Inc.*, 2011 WL 887993, at *7. This prong is therefore satisfied as well.

Having established the necessary elements, plaintiffs are entitled to a permanent injunction for defendant's Lanham Act violations and, more specifically, the relief set forth in paragraphs sixteen through eighteen of plaintiffs' proposed judgment, Docket Entry 9-5. I respectfully recommend that Excellent Deals Inc. be enjoined from using plaintiffs' Tree Design Marks or trade dress, or any colorable imitation or confusingly similar design, in connection with defendant's distribution or sales of air fresheners.

**Conclusion**

For all these reasons, I respectfully recommend that plaintiffs' motion for a default judgment and permanent injunction be granted. Any objections to the recommendations contained in this report must be filed with the Clerk of the Court within fourteen days of this Report and in any event no later than August 18, 2011. Failure to object to this report may waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiffs shall serve a copy of this Order, certified mail, return receipt requested, on defendant at its last known address, and provide the court with a copy of the return receipt.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 1, 2011

*U:\eoc 2011\damages inquests\car freshener final.docx*