UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAR-FRESHNER CORP. and JULIUS
SAMANN LTD.,

                              Plaintiffs,

    -against-

EXCELLENT DEALS INC. *also known as*
EXCELLENT-DEAL INC.,

                              Defendant.
-------------------------------------------------------------X

JUDGMENT
10-CV- 1391 (ENV)

       A Memorandum and Order of Honorable Eric N. Vitaliano, United States District Judge, having been filed on August 30, 2011, adopting in its entirety the unopposed Report and Recommendation of Magistrate Judge Steven M. Gold, dated August 1, 2011, after a review of the record; granting Plaintiffs' motion for a Default Judgment; and issuing a Permanent Injunction against Defendant Excellent Deals Inc., *aka* Excellent-Deals Inc., its divisions, subsidiaries, directors, officers, partners, owners, employees, agents, affiliated or otherwise related companies, and its successors and assigns, and all person in active concert or participation with Defendant Excellent Deals Inc., *aka* Excellent-Deals Inc., are Permanently Enjoined from:

    a.    using the unauthorized tree design or Plaintiffs' Tree Design Marks, which are the subject of U.S. Registration No. 1,78,016, No. 719,498, No. 2,741,364, No. 1,791,233, or any marks confusingly similar thereto;

    b.    using Plaintiffs' Trade Dress, or any colorable imitation(s) thereof;

JUDGMENT
10-CV- 1391 (ENV)

c.  manufacturing, importing, procuring, promoting, distributing and/or selling any selling any air fresheners shaped as and/or bearing a tree design in any of the following forms, see page 6 of the attached Injunction or any designs confusingly similar thereto;

d.  manufacturing, importing, procuring, promoting, distributing and/or selling any air fresheners bearing Plaintiffs' Trade Dress in any of the following forms, see page 7 of the attached Injunction or any designs confusingly similar thereto, such as, see page 7 of the attached Injunction;

e.  taking any action to induce beliefs on the part of consumers that Defendant's products or business are in any way connected with Plaintiffs' products or business; and

f.  any other continued acts or trademark infringement, false designation of origin, unfair competition, dilution or counterfeiting; it is

ORDERED and ADJUDGED that the unopposed Report and Recommendation of Magistrate Judge Steven M. Gold is adopted in its entirety; that Plaintiffs' motion for a default judgment is granted; and that it is further,

ORDERED and ADJUDGED that Defendant Excellent Deals Inc. *aka* Excellent-Deals Inc., shall deliver to Plaintiff Car-Freshner Corporation all of Defendant's air fresheners, product, packaging, materials, documents, with the unauthorized tree design, including any reproduction, copy or colorable imitation of Plaintiffs' Tree Design Marks and/or Plaintiffs' Trade Dress, as well as all documents and things relating to Defendant's manufacture, procurement, purchase, acquisition, storage, marketing, promotion, advertising, distribution and/or sale of said goods in the possession and/or control of Defendant, its agents, servants, officers, directors, employees, and any other persons or entities in active concert or participation with Defendant, and Defendant shall remove any and all images of the unauthorized tree design, Plaintiffs' Tree Design Marks, Plaintiffs' Trade Dress, or any

JUDGMENT
10-CV- 1391 (ENV)

colorable imitation(s) thereof, from all products, packaging, websites and promotional materials, whether electronic, printed or otherwise, under Defendant's direct or indirect control.

Dated: Brooklyn, New York
September 14, 2011

s/RCH

ROBERT C. HEINEMANN
Clerk of Court

See attached: Permanent Injunction

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD. ) ) ) Plaintiffs, ) ) v. ) ) ) EXCELLENT DEALS INC. ) *aka* EXCELLENT-DEALS INC., ) ) Defendant. ) | Civil Action No. CV-10-1391-ENV-SMG<br><br>[PROPOSED]<br>**JUDGMENT AND ORDER** |

Plaintiffs, Car-Freshner Corporation and Julius Sämann Ltd. ("CFC", "JSL", and collectively "Plaintiffs"), having properly served a Summons and Complaint upon Defendant Excellent Deals Inc. *aka* Excellent-Deals Inc., Defendant having failed to plead or otherwise defend in this action and said default having been duly noted,

NOW, upon Plaintiff's Motion for Default Judgment, it is hereby ORDERED and ADJUDGED that:

1. Plaintiffs brought this action against Defendant Excellent Deals Inc. *aka* Excellent-Deals Inc. for federal trademark infringement, federal false designation of origin, federal dilution and federal trademark counterfeiting under 15 U.S.C. §§ 1051 *et seq.*, common law trademark infringement, common law unfair competition, and dilution under New York law.

2. Subject matter jurisdiction over these claims is conferred pursuant to 28 U.S.C. §§ 1121(a), 1331, 1338(a) and (b), and 1367(a).

3. Defendant, Excellent Deals Inc. *aka* Excellent-Deals Inc., was properly served with the Summons, Complaint and accompanying documents, on April 12, 2010. (Return of Service, Docket Entry No. 4.)

4. Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections Defendant may have regarding the sufficiency of process and the sufficiency of service of process are deemed waived.

5. Defendant has failed to file an Answer or other responsive papers to the Complaint, and its time to do so has expired. On June 23, 2010, Plaintiffs filed a Request for a Certificate of Notation of Default against Defendant pursuant to Fed. R. Civ. P. 55(a), and Local Rule 55.1. The Clerk's Office entered Defendant's Default on June 30, 2010. (Request for a Certificate of Notation of Default, Docket Entry No. 6; Notation of Default, Docket Entry No. 7.)

6. Plaintiffs have now timely moved for default judgment against Defendant.

7. Having reviewed the record and the submissions of Plaintiffs, as well as the relevant statutes and case law, and after considering all of the relevant factors to be weighed in this matter, the Court finds that Plaintiffs' Motion for Entry of Default Judgment against Defendant should be and is hereby granted. The Court further finds that Plaintiffs have met the requirements for showing that a permanent injunction is proper in this case.

8. Trademark owners are entitled to the issuance of a permanent injunction to protect their marks from repeated infringement where likelihood of success on the merits and irreparable harm are established.

9. For decades, directly and/or by license from JSL and its predecessors, Plaintiff CFC and its predecessors have manufactured and marketed products using a tree design as a trademark and a corporate identifier.

10. Plaintiff JSL is the owner of the following valid and subsisting federal trademark registrations, which are incontestable pursuant to 15 U.S.C. § 1065, for tree designs (collectively the "Tree Design Marks"):

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| | 1,781,016 | July 13, 1993 | Air freshener, in International Class 5 |
| | 719,498 | August 8, 1961 | Absorbent bodies impregnated with a perfumed air deodorant, in International Class 5 |
| | 2,741,364 | July 29, 2003 | Travel bags, in International Class 18; shirts, sweatshirts, t-shirts and caps, in International Class 25 |
| | 1,791,233 | September 7, 1993 | Air fresheners, in International Class 5 |

11. JSL is also the owner of common law trade dress rights to packaging of air fresheners, examples of which are below. The trade dress consists of the top portion of the front side of the packaging, and consists of: (a) a yellow background; (b) a red bar with a white border on the top and bottom - with or without parallel white lines through the red bar - running diagonally from the left edge to the right edge; (c) the number "1" in white with a black outline

3

on the left, with the base of the number "1" superimposed over the top of the red bar; and (d) the Tree Design Mark in the upper right corner, with the bottom of the Tree Design Mark superimposed over the top of the red bar ("Plaintiff's Trade Dress").



12. Plaintiffs have spent substantial time, effort and money advertising and promoting the Tree Design Marks and the Plaintiff's Trade Dress throughout the United States. As a result of the long and extensive usage, the Tree Design Marks and Plaintiff's Trade Dress are distinctive and have acquired secondary meaning. Furthermore, the Tree Design Marks are famous, well known and well received.

4

13. Subsequent to Plaintiffs' adoption and first use of the Tree Design Marks, Defendant Excellent Deals has promoted, distributed, and sold the air fresheners shown below:



14. Plaintiffs have demonstrated likelihood of confusion, dilution and counterfeiting pursuant to the requisites of Trademark Act Sections 32(1), 43(a) and 43(c). 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c); *see also, Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

15. Plaintiffs also have established their right to a permanent injunction by demonstrating that they have suffered irreparable injury, that remedies available at law are inadequate to compensate for that injury, that -- considering the balance of hardships between Plaintiffs and Defendant -- a remedy in equity is warranted, and that the public interest will be served by the issuance of a permanent injunction. *eBay, Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006).

16. It is hereby **ORDERED** that judgment is entered in favor of Plaintiffs Car-Freshner Corporation and Julius Sämann Ltd.

5

17. **IT IS FURTHER ORDERED THAT** Defendant, its divisions, subsidiaries, directors, officers, partners, owners, employees, agents, affiliated or otherwise related companies, and its successors and assigns, and all person in active concert or participation with Defendant, are hereby **PERMANENTLY ENJOINED** from:

    a. using the unauthorized tree design or Plaintiffs' Tree Design Marks, which are the subject of U.S. Registration No. 1,781,016, No. 719,498, No. 2,741,364, No. 1,791,233, or any marks confusingly similar thereto;

    b. using Plaintiffs' Trade Dress, or any colorable imitation(s) thereof;

    c. manufacturing, importing, procuring, promoting, distributing and/or selling any air fresheners shaped as and/or bearing a tree design in any of the following forms:



or any designs confusingly similar thereto;

    d. manufacturing, importing, procuring, promoting, distributing and/or selling any air fresheners bearing Plaintiff's Trade Dress in any of the following forms:

6



or any designs confusingly similar thereto, such as:



7

   e. taking any action to induce beliefs on the part of consumers that Defendant's products or business are in any way connected with Plaintiffs' products or business; and

   f. any other continued acts of trademark infringement, false designation of origin, unfair competition, dilution or counterfeiting.

18. **IT IS FURTHER ORDERED THAT**:

   a. Defendant shall deliver to Plaintiff Car-Freshner Corporation on or before _____, 2010, all of Defendant's air fresheners, product, packaging, materials, documents, with the unauthorized tree design, including any reproduction, copy or colorable imitation of Plaintiffs' Tree Design Marks and/or Plaintiff's Trade Dress, as well as all documents and things relating to Defendant's manufacture, procurement, purchase, acquisition, storage, marketing, promotion, advertising, distribution and/or sale of said goods in the possession and/or control of Defendant, its agents, servants, officers, directors, employees, and any other persons or entities in active concert or participation with Defendant; and

   b. Defendant shall remove any and all images of the unauthorized tree design, Plaintiffs' Tree Design Marks, Plaintiffs' Trade Dress, or any colorable imitation(s) thereof, from all products, packaging, websites and promotional materials, whether electronic, printed or otherwise, under Defendant's direct or indirect control.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED: _____, 2010
Brooklyn, New York

                                                                _____
Eric N. Vitaliano
United States District Judge

RSB/KI/cli 3916018_1.DOC